IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JILL A. H,[1]<br><br>     Plaintiff,<br>v.<br><br>KILOLO KIJAKAZI,<br> Acting Commissioner of Social Security,<br><br>     Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:20-cv-668 DBP<br><br>Chief Magistrate Judge Dustin B. Pead |

    Plaintiff Jill H, applied for Title XVI Supplemental Security Income (SSI), under the Social Security Act, 42 U.S.C. § 401, et seq., alleging disability due to multiple impairments including ADHD, Hypothyroidism, arthritis in her shoulder, scoliosis, sciatica pain, a bulging disc, arthritis in her toes, neck pain, car accidents, and migraines. (Tr. 291). Plaintiff seeks review of the Commissioner's decision denying her application. (ECF No. 28.)[2] After careful consideration of the entire record and the parties' briefs, the Commissioner's decision is affirmed for the reasons set forth herein.[3]

---

[1] Based on privacy concerns regarding sensitive personal information, the court does not use Plaintiff's last name. Privacy concerns are inherent in many of the Federal Rules. See Fed. R. App. P. 25(a)(5); Fed. R. Civ. P. 5.2; Fed. R. Crim. 49.1.

[2] The parties in this case consented to have a United States Magistrate Judge conduct all proceedings, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit. See 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

[3] According to the Local Rules, Plaintiff's opening brief should have been filed using the CM/ECF event "Motion for Review of Agency Action." DUCivR 7-4. The court construes Plaintiff's opening brief under this framework and grants the request for review, but ultimately finds the Commissioner's decision supported by substantial evidence and free of legal error. Thus, the court affirms the Commissioner's decision.

## BACKGROUND

In 2018, Plaintiff protective filed an application for supplemental security income, alleging disability beginning December 31, 2017, due to multiple impairments. Plaintiff reported that she completed her GED and some college education. (Tr. 471). She also had no past relevant work as defined in 20 C.F.R. § 416.965.

After her application was denied initially, she sought a hearing before an Administrative Law Judge (ALJ). The ALJ followed the agency's five-step sequential evaluation process in determining whether Plaintiff was disabled.[4] At step two, the ALJ found Plaintiff has the severe impairments of degenerative disc disease of the cervical and lumbar spine, bilateral toe degenerative joint disease, mild right shoulder osteoarthritis, headaches/migraines, anxiety, and PTSD. (Tr. 17). After considering the record, the ALJ found Plaintiff has the residual functional capacity (RFC) to perform light work with certain additional restrictions due to side effects from medication and her metal impairments. The ALJ limited Plaintiff to simple work-related judgments and decisions, no more than frequent interactive contact with others, with goal-oriented work, but not fast-paced work. (Tr 21). Based on her RFC and testimony from a vocational expert, the ALJ determined Plaintiff could perform other jobs existing in significant numbers in the national economy. These include a marker, routing clerk, and office helper. Thus, Plaintiff was not disabled. The agency's Appeals Council denied Plaintiff's subsequent request for review, making the ALJ's decision final for purposes of judicial review. *See* 20 C.F.R. § 404.918; *Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir.2003). Plaintiff asserts two primary errors that the court addresses below.

---

[4] *See* 20 CFR 404.1520(a) (describing the five-step evaluation process); *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (describing the five-step framework the Social Security Administration uses to determine disability).

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084 (quotations and citation omitted). As noted by the Supreme Court, "an ALJ's factual findings … 'shall be conclusive' if supported by 'substantial evidence.'" *Biestek*, 139 S.Ct. at 1153 (quoting 42 U.S.C. § 405(g)). "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]." *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotations and citation omitted).

## DISCUSSION

Plaintiff raises two sources of error. First, the ALJ erred in failing to evaluate the mental medical opinions. And second, Plaintiff argues the ALJ derived his authority in this case from an unconstitutional office, thus remand is the proper remedy under the law. The court is not persuaded by either position.

> **I.   The ALJ's RFC is supported by the record and no legal error was committed.**

Plaintiff argues the ALJ erred in modifying the limitations provided by the state agency psychologists, Dr. Julia Jacobs and Dr. Lynn Johnson, finding their opinions "somewhat persuasive" without incorporating all their specific limitations. The ALJ found Plaintiff has the RFC to perform light work as set forth in 20 C.F.R. 416.967(b) with additional limitations. (Tr. 21). "Due to pain, side effects of medications, and mental impairments the claimant can only make simple work-related judgments and decisions; can understand, remember, and carry out only short and simple instructions; can have no more than frequent interactive contact with the public, co-workers or supervisors; and can perform goal-oriented work, but not fast-paced work." *Id.*

Dr. Jacobs and Dr. Johnson both reviewed Plaintiff's health records from April 2018 to October 2018. They agreed that Plaintiff could "follow and understand simple instructions", could perform simple tasks, had a low threshold for interacting with others requiring work with occasional public contact, and given her educational background, there was "no reason to believe she cannot comprehend and remember detailed information" working in an environment with tasks learned in 3-6 months. (Tr. 89-99, 104, 110-28). The ALJ adopted some of Dr. Jacobs' and Dr Johnson's opinions. The ALJ stated he was "somewhat persuaded" by their opinions for the following reasons: they were "based on a review of all of [Plaintiff's] medical records available at the time"; the opinions were explained and supported with references; the doctors specialize in psychology; the doctors did not get to review the entire medical record; and some of the opinions are inconsistent with records of Plaintiff's normal mental status examinations.

(Tr. 29). The ALJ rejected the doctor's opinions on two fronts. First, the ALJ found Plaintiff did not need a limit of occasional interaction with others as opined by Dr. Jacobs and Dr. Johnson. Second, the ALJ added additional restrictions not opined by Dr. Jacobs and Dr. Johnson. The ALJ limited Plaintiff to simple instructions, judgments, and decisions, rejecting the doctor's opinions that she could do detailed tasks. So, the ALJ's RFC formulation was less restrictive in one area, while being more restrictive in another.

     Plaintiff takes issue with the less restrictive area. The ALJ found Plaintiff can have no more than frequent interactive contact with others, rather than occasional contact. Plaintiff cites case law from outside this circuit in support of her arguments. Yet, this case is not analogous to one of the cases cited by Plaintiff, *Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656 (4th Cir. 2017), where that court stated that ALJ's could avoid problems by "following the admonition they have no doubt heard since their grade-school math classes: Show your work." *Id.* at 663. Here, the ALJ provided reasons for discounting Dr. Jacobs' and Dr. Johnson's opinions. This included a review of Plaintiff's reported ADHD, analyzing Dr. Jacobs' and Dr. Johnson's opinions in regard to the entire record, evidence of Plaintiff responding well to treatment, and Plaintiff's daily activities. An ALJ is responsible for assessing RFC. *See* 20 C.F.R. § 416.946(c); *Rutledge v. Apfel*, 230 F.3d 1172, 1175 (10th Cir. 2000) (noting it is the ALJ's responsibility to determine a claimant's residual functional capacity). Here, the ALJ fulfilled that responsibility and relevant evidence in the record supports the ALJ's conclusions. *See Lax*, 489 F.3d at 1084 ("Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance."). The out-of-circuit cases Plaintiff cites to the contrary are inapposite.

Finally, the ALJ incorporated Plaintiff's mental limitations by limiting Plaintiff to simple work-related judgments, with only short and simple instructions that were easy to understand, remember, and carry out. This follows Tenth Circuit precedent that allows for an ALJ to account for moderate limitations by limiting a claimant to particular kinds of work activity. *See Vigil v. Colvin*, 805 F.3d 1199, 1204 (10th Cir.2015) ("[T]he [administrative law judge] accounted for [the claimant's] moderate concentration, persistence, and pace problems in his [assessment of residual functional capacity] by limiting [the claimant] to unskilled work."); *Lee v. Colvin*, 631 Fed.Appx. 538 (10th Cir.2015) (unpublished).

Based on the foregoing, the court rejects Plaintiff's first assertion of error.

## II.   A rehearing is unnecessary despite the Constitutional violation of separation of powers.

Plaintiff argues the Commissioner's decision denying her benefits is constitutionally defective because the ALJ lacks authority due to a defect that limits the President's authority to remove the Commissioner of Social Security without good cause. *See* 42 U.S.C. § 902(a)(3). The parties agree that 42 U.S.C § 902(a)(3) violates the separation of powers based on it limiting the President's authority to remove the Social Security Commissioner from office. They disagree concerning what should arise from the violation. Plaintiff argues for a remand based on the violation and in contrast, the Commissioner asserts a remand is unnecessary.

Plaintiff argues the harm from this violation is a denial of benefits by an inferior officer who lacked constitutional authority. Plaintiff alleges multiple injuries from this situation:

> (1) failure to receive a constitutionally valid hearing and adjudication from an ALJ; (2) a constitutionally valid decision from an ALJ to which she is entitled; (3)

>an unfavorable decision from a constitutionally illicit ALJ adjudication process; (4) a constitutionally valid adjudication process from the SSA Appeals Council; (5) a constitutionally valid determination by the Appeals Council; and (6) an unfavorable decision from a constitutionally illicit Appeals Council adjudication process.

According to Plaintiff this warrants a remand and a new hearing. In support, Plaintiff cites to *Tafoya v. Kijakazi*, 551 F.Supp.3d 1054 (D. Colo. July 29, 2021), a decision from a district court in this circuit.

In *Tafoya*, the District Court for the District of Colorado, decided whether the plaintiff had standing to raise a separation of powers claim. The court did not determine whether the plaintiff was entitled to a remedy based on the alleged constitutional violation. *Id.* at 1059-62. The Commissioner does not contest Plaintiff's standing to bring a constitutional claim. So, *Tafoya*, while instructive, is not directly on point concerning whether a remedy is warranted in this case, and if so, what is the requisite showing for such a remedy.

Plaintiff also relies on the Supreme Court case of *Seila Law LLC v. CFPB*, 140 S.Ct. 2183 (2020). *Seila* held that the Consumer Financial Protection Bureau's leadership by a "single individual removable only for inefficiency, neglect, or malfeasance violates the separation of powers." *Id.* at 2197. Again, whether 42 U.S.C. § 902(a)(3) is constitutionally defective, because the Commissioner could only be removed by the President for good cause, is not at issue as the parties agree on this point.

The court finds the Supreme Court's decision in *Collins v. Yellen*, 141 S.Ct. 1761 (2021) persuasive with respect to the remedy for the unconstitutionality before the court. In *Collins*, shareholders in the Federal National Mortgage Association (Fannie Mae) and the Federal Home Loan Mortgage Corporation (Freddie Mac) brough suit alleging actions by the Federal Housing

Finance Agency (FHFA), adversely affected the value of their shares, and that FHFA was unconstitutionally structed in violation of separation of powers. The Court agreed that FHFA exceeded its statutory powers and the for-cause removal restriction for directors of FHFA violated constitutional separation of powers. But the remedy sought by the plaintiffs—obtaining a judicial declaration invalidating prior actions by the FHFA directors—was rejected. Justice Alito, in writing for the majority, found such relief unwarranted. *Id.* at 1788. The key, according to the majority, is demonstrating that the unconstitutional provision actually caused the plaintiff harm. *Id.* at 1788–89. Thus, there is no automatic entitlement to retrospective relief as Plaintiff suggests.

Also, of interest to the present matter is the situation foreseen by Justice Kagan, who wrote in concurrence:

> the majority's approach should help protect agency decisions that would never have risen to the President's notice. Consider the hundreds of thousands of decisions that the Social Security Administration (SSA) makes each year. The SSA has a single head with for-cause removal protection; so a betting person might wager that the agency's removal provision is next on the chopping block. Cf. ante, at ——, n. 21. But given the majority's remedial analysis, I doubt the mass of SSA decisions—which would not concern the President at all—would need to be undone. That makes sense. "[P]residential control [does] not show itself in all, or even all important, regulation." Kagan, Presidential Administration, 114 Harv. L. Rev. 2245, 2250 (2001). When an agency decision would not capture a President's attention, his removal authority could not make a difference—and so no injunction should issue.

*Id.* at 1802.

Here, even presuming the ALJ's power was unconstitutional despite being ratified in his appointment in July 2018 by then Acting Commissioner Ms. Berryhill before adjudicating Plaintiff's claims, Plaintiff still fails to show that the unconstitutional removal restriction inflicted compensable harm. *Id.* at 1789. Plaintiff offers a large list of supposed harms. None of these alleged harms, however, were caused by Sections 902(a)(3)'s unconstitutional removal

8

restriction. Instead, the alleged harms are part of the normal adjudicative process in social security cases, which in this particular instance, went contrary to Plaintiff's position. The President's removal authority did not make a difference. So, a new hearing is unnecessary. *See*, *Decker Coal Company v. Pehringer*, 8 F.4th 1123, 1137-38 (9th Cir. 2021) (rejecting the plaintiff's argument that an unconstitutional removal provision warranted vacating an ALJ's decision).

## CONCLUSION AND ORDER

In sum, the ALJ's decision is supported by substantial evidence in the record and the correct legal standards were applied. Accordingly, for the foregoing reasons, the decision of the Commissioner is affirmed. The Clerk of Court is directed to close this case and enter judgment in favor of the Commissioner.

DATED this 8 September 2022.

_____
Dustin B. Pead
United States Magistrate Judge